UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER CHAFFEE,<br><br>                      Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE; FBI; UCSIS; JOHN DOE SUFFOLK COUNTY COURT,<br><br>                      Defendants. | 24-CV-7177 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who does not provide her physical address, brings this *pro se* action alleging that Defendants violated her rights. Named as Defendants are the United States Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), "UCSIS," which the Court understands to be the United States Citizenship and Immigration Service ("USCIS"), and "John Doe Suffolk County Court." (ECF 1, at 1, 4-5.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).[1]

Plaintiff alleges that the events giving rise to her claims occurred in Syracuse, Onondaga County, New York; Dryden, Tompkins County, New York; and Brentwood, Suffolk County, New York. (ECF 1, at 5.) Onondaga and Tompkins Counties are both located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Suffolk County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Plaintiff does not allege that any of the events giving rise to her claims occurred in this District,[2] this Court is not a proper venue under Section 1391(b)(2).

Although Plaintiff provides various addresses for Defendants, *see* ECF 1, at 4-5, the DOJ, FBI, and USCIS can all be considered residents of every judicial district in the State of New York for venue purposes. The Suffolk County Court is a resident of Suffolk County, which is in the Eastern District of New York. Venue is therefore proper in every judicial district in the State of New York under Section 1391(b)(1). However, because the events giving rise to Plaintiff's claims occurred in Onondaga, Tomkins, and Suffolk Counties, venue would also be proper under Section 1391(b)(2) in both the Northern District and Eastern District.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the

---

[1] Venue for actions in which a defendant is an employee or agency of the United States is governed by Section 1391(e)(1), which provides that venue for such a claim is also proper in the district where "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C). Because Plaintiff does not state where she resides, the Court will look only to where Defendants reside and where the events giving rise to her claims occurred.

[2] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Although the complaint is unclear as to which events occurred in which county, Plaintiff's allegations and the relief she seeks, which includes injunctive relief against the Suffolk County Court, suggest that a substantial part of the operative events occurred in Suffolk County. Moreover, all defendants reside in Suffolk County for venue purposes, and it is reasonable to expect that relevant documents and witnesses associated with the Suffolk County Court would also be located in Suffolk County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 3, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge