| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>JENNIFER CHAFFEE,<br><br>                                      Plaintiff,<br><br>      -against-<br><br>DOJ, FBI, UCSIS[1], JOHN DOE, SUFFOLK COUNTY COURT,<br><br>                                 Defendants.<br>------------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br>**ORDER**<br>24-CV-6419 (JMA)(JMW)<br><br>FILED<br>CLERK<br><br>10/23/2024 2:49 pm<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

Before the Court is the application to proceed in forma pauperis ("IFP") filed by Plaintiff Jennifer Chaffee ("Plaintiff"), acting pro se, together with her complaint against the United States Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), USCIS, a "John Doe", and the "Suffolk County Court". (ECF Nos. 1-2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $405.00 filing fee.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp.,

---

[1] The Court understands that the intended defendant is the U.S. Citizenship and Immigration Services ("USCIS").

07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application raises more questions than it answers. Plaintiff reports that she is not employed and has not received income of more than $200 from any source in the past twelve months other than "state aid in food stamps no cash assistance." (IFP App., ECF No. 2, ¶¶ 2-3.) In the space that calls for an explanation as to "how you are paying your expenses" Plaintiff wrote "help from others." (Id. ¶ 3.) Plaintiff wrote "none" in response to questions four through six which call for the amount of money she has in cash or in an account, any items owned of value, and any regular monthly expenses such as housing, transportation, and utilities. (Id. ¶¶ 4-6.) Plaintiff did not answer question seven[2] at all and wrote "I'm in debt due to severe fraud involving this situation" in response to question eight which asks for "any debts or financial obligations" and to "describe the amounts owed and to whom they are payable." (Id., ¶¶ 7-8.)

Given that Plaintiff has provided incomplete information, the Court finds that Plaintiff can best provide her current financial situation on the Long Form. Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form. See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of

---

[2] This question asks for a "list [of] all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support." (Id. ¶ 7.)

having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." (internal quotation marks and alterations omitted)); Piniero v. Comm'r of Soc. Sec., No. 23-CV-8226, 2023 WL 8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form). Further, given Plaintiff's representation that she receives "help from others" in paying her expenses, she shall include the financial information for anyone from whom she receives financial support in the spaces on the Long Form marked "spouse." Fridman, 195 F. Supp. 2d at 537 ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (quoting Williams v. Spencer, 455 F. Supp. 205, 208–09 (D. Md. 1978) (citing Adkins, 335 U.S. at 339-40).

Plaintiff is directed to complete and return the Long Form or to remit the $405.00 filing fee within fourteen (14) days of the date of this Order.[3] If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369

---

[3] Once paid, there are no refunds of the filing fee regardless of the outcome of the case. Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. If you wish to contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated: October 23, 2024
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE